IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR KENT COUNTY

ELIJAH N. PERKINS, :
 : C.A. No.  K13C-05-020 WLW
   Plaintiff, :
 :
  v. :
 :
TOWNE DOLLAR AND TOBACCO,:
LLC, trading as "The Hot Spot", :
and WAIL AYOUB, :
 :
   Defendants. :

Submitted: December 2, 2014
Decided: December 4, 2014

## ORDER

Upon Defendants' Motion *in Limine* to Exclude any
Reference to Defendant Ayoub's Past Acts.
*Denied*.


R. Mark Taneyhill, Esquire of Schwartz and Schwartz, Dover, Delaware; attorney for Plaintiff.

Nancy Chrissinger Cobb, Esquire of the Law Offices of Chrissinger & Baumberger, Wilmington, Delaware; attorney for Defendants.



WITHAM, R.J.

*Elijah N. Perkins v. Towne Dollar and Tobacco, LLC, et al.*
C.A. No. K13C-05-020 WLW
December 4, 2014

Upon Consideration of Defendants' motion *in limine* to exclude reference to Defendant's past act, it appears that:

1.  The case at bar involves Wail Ayoub (hereinafter "Defendant") and Elijah N. Perkins (hereinafter "Plaintiff"). Defendant was an employee of Defendant Towne Dollar and Tobacco LLC (hereinafter "Defendant-Employer"), and accused Plaintiff of attempting to pass a counterfeit bill at the register. The Defendant and Plaintiff were allegedly involved in a physical altercation, and Plaintiff now raises personal injury claims for any harm suffered from Defendant's negligent, reckless, and intentional acts.

2.  On September 22, 2014, Defendant-Employer and Defendant filed a motion *in limine* to exclude any reference to Defendant's past acts. Defendant's motion states that in 2009 Defendant pled guilty to Disorderly Conduct arising from an incident involving a patron that Defendant suspected was stealing from Defendant-Employer.

3.  Defendant moves to prevent any reference to Defendant's past acts under DURE 609, so that it may only be used for impeachment purposes. Defendant also believes Plaintiff will attempt to introduce the prior conviction in order to prove Defendant's alleged violent interaction with the Plaintiff. Defendant further moves to exclude any reference to the disorderly conduct conviction based on DURE 401 and 403.

4.  On October 13, 2014, Plaintiff filed a response opposing Defendant's motion to exclude past acts. On November 24, 2014, both parties submitted memorandum pursuant to DURE 404(b) regarding the admissibility of the past acts. Plaintiff states

it will not be offering evidence under DURE 609, but rather, under DURE 401 and 403 to support direct negligence claims against the Defendant-Employer. Plaintiff states that Defendant's prior conviction stems from an incident that occurred while Defendant was employed with Defendant-Employer, and occurred after Defendant accused a customer of stealing from the store. Plaintiff explicitly stated it plans to use the past act to show that Defendant-Employer was negligent for retaining Defendant as an employee, not to prove that the Defendant acted in conformity with any prior behavior. Further, the Plaintiff is seeking punitive damages from the Defendant-Employer only.

5. DURE 609 of the Delaware Uniform Rules of Evidence provides that evidence that a witness has been convicted of a crime is admissible for purposes of impeaching the witness' credibility if: (1) the conviction was for a felony, and the Court "determines that the probative value of admitting this evidence outweighs its prejudicial effect"; or (2) the crime involved dishonesty or a false statement. No balancing test is required if the underlying crime involves dishonesty or a false statement. Disorderly Conduct is not a crime of dishonesty nor is it a felony. For this reason, the past acts would not be admissible under DURE 609.

6. Plaintiff contends that evidence of Defendant's past acts should be introduced to prove the Defendant-Employer's negligent hiring of Defendant. The deciding factor in whether an employer should have had knowledge of the necessity to exercise control over its employee is whether the risk of harm from the employee was reasonably foreseeable. *(Matthews v. Booth*, 2008 WL 2154391, at \*3 (Del. Super.

May 22, 2008). Plaintiff aims to prove the Defendant-Employer had knowledge of Defendant's dangerous behavior by introducing evidence of the Disorderly Conduct conviction in 2009, while Defendant was working at Defendant-Employer's business. Plaintiff contends this conviction was sufficient for Defendant-Employer to have been on notice as to Defendant's capability of engaging in dangerous conduct with store patrons.

7.      DURE 403 requires a court to assess the probative value of the proffered evidence and to weigh that value against the negative consequences of admitting the evidence, including the risk of unfair prejudice and jury confusion. In order for the Plaintiff to prove that the Defendant's behavior was reasonably foreseeable by the Defendant-Employer, Defendant's prior conviction of physical conduct with a patron at the same business establishment involved in this litigation is highly probative. Further, the Defendant's past act is relevant under Rule 401, because it tends to make the fact that the Defendant-Employer had notice of Defendant's dangerous behavior more likely than not.

8.      This Court feels it is necessary to complete a thorough analysis under *Getz v. State*, 538 A.2d 726 (Del. 1988) in order to adequately resolve the issue.  DURE 404(b) may be applied to civil cases.[1] Under DURE 404(b) evidence of crimes, wrongs, or bad acts may be admissible to show intent, preparation, plan, knowledge, identity, or absence of mistake or accident. The following six (6) factors must be

---

[1] *Mercedes Benz of N. Am. Inc. v. Norman Gershman's Things to Wear, Inc.*, 596 A.2d 1358, 1365 (Del. 1991).

considered[2]:

(A) The evidence must be material to the issue or ultimate fact in dispute;

(B) The "evidence must be introduced for a purpose sanctioned by 404(b)" or some other non-propensity purpose;

(C) The evidence providing the prior bad act must be [plain], clear, and conclusive;

(D) The bad act must not be too remote in time from the charged offense;

(E) The probative value of the evidence must not be outweighed by the danger of unfair prejudice;

(F) The Court must give the jury a limiting instruction.

(1) *The Evidence Must be Material to the Issue or Ultimate Fact in Dispute*

The evidence that Plaintiff seeks to introduce to the Court is material to the issue of whether Defendant-Employer knew or should have known of Defendant's prior conviction in order to support the direct negligence claims against the Defendant-Employer. This prong of the analysis favors the Plaintiff.

(2) *The Evidence Must be Introduced for a Purpose Sanctioned by 404(b) or Some Other Non–Propensity Purpose.*

Defendant's prior bad act, a conviction of disorderly conduct from 2009, occurred in

---

[2] *Getz v. State*, 538 A.2d 726, 734 (Del. 1988).

the same business establishment as the case at bar, while Defendant was employed by Defendant-Employee. Introducing this conviction addresses whether Defendant-Employer had knowledge of Defendant's past conviction, which speaks to whether Defendant-Employer was negligent in the retaining of Defendant as an employee. This prong of analysis favors the Plaintiff.

(3) *The Evidence of the Prior Bad Act Must be Plain, Clear and Conclusive.*

The evidence of the bad act consists in a 2009 conviction, so the evidence is plain, clear, and conclusive. This prong of the analysis favors the Plaintiff.

(4) *The Bad Act Must Not be Too Remote in Time.*

Defendant's bad acts occurred five (5) years ago in 2009. Evidence is too remote in time "only where there is no visible, plain, or necessary connection between it and the proposition eventually to be proved."[3] In the past, the Supreme Court of Delaware has defined a bad act to be "too remote" in time if it occurs more than ten (10) years earlier from the litigation based on the time limit contained in Delaware Rule of Evidence 609(b).[4] This prong of the analysis favors the Plaintiff.

(5) *The Probative Value of the Evidence Must Not Be Outweighed by the Danger of Unfair Prejudice.*

The probative value of the Defendant's prior conviction is high. "Probative value is

---

[3] *Lloyd v. State*, Del. Supr. No. 239, 1990 (citing *N.L.R.B. v. Ed Chandler Ford, Inc*. 718 F.2d 892, 893 (1083))

[4] *Kendall v. State*, 726 A.2d 1191, 1196 (Del. 1999) (quoting *Trowbridge v. State*, 647 A.2d 1076, 1077 (Del. 1994).

concerned with the tendency of the evidence to establish the proposition that it is offered to prove."[5] Defendant's prior conviction speaks directly to the Defendant Employer's liability in this case. The Plaintiff seeks to prove that the employer had or should have had knowledge of the necessity to exercise control over its own employee, or put another way, it aids in determining if the actions of the Defendant were foreseeable by the Defendant-Employer. This prong of the analysis favors the Plaintiff.

(6) *The Court Must Give the Jury a Limiting Instruction.*

The Court will allow the parties to agree upon a jury instruction prior to trial.

Therefore, the Court will not ban the introduction of Defendant's prior bad act. The Motion *in Limine* to Exclude Any Reference to Defendant Ayoub's Past Acts is **denied.**

IT IS SO ORDERED.

/s/ William L. Witham, Jr.
Resident Judge

WLW/dmh

---

[5] *Getz v. State*, 538 A.2d 726, 734 (Del. 1988).